## OPINION TO THE GOVERNOR.

Under the provisions of section 3 of article X of the constitution of the State, the following opinion of the justices of the Supreme Court was delivered to the governor, April 10, 1905, in the matter of

### THE ABOLISHING OF THE SCHOOL DISTRICTS.

Gen. Laws cap. 54, § 5, provides " Upon the abolition or discontinuance of any district, its corporate powers and liabilities shall continue and remain so far as may be necessary, for the enforcement of its rights and duties."

Gen. Laws cap. 62, §§ 8–10, provide for the assessment, by the town assessors, of a tax, upon the ratable property located within the district, to pay any judgment recovered against the district.

Pub. Laws cap. 1101, April 17, 1903, abolished all school districts after January 1, 1904, and provided for the vesting of the property of the district in the town:—

*Held*, that there was no provision in the statutes for the assumption of the debts of the school district by the town unless the town should voluntarily assume such debts.

*Held*, further, that the corporate powers and liabilities of the districts were continued so that the collection of the indebtedness owing by any district January 1, 1904, which had not been expressly assumed by the town, might be enforced against the district and the property located therein, and that the provisions of chapter 54, section 5, had not been repealed; were not inconsistent with chapter 1101, and were applicable to such districts.

*Held*, further, that chapter 62, sections 8–10, furnished full legal relief for the collection of the debts from the districts.

*Held*, further, that towns which had not expressly assumed the indebtedness of the districts at the time of the abolition were not liable for the indebtedness created by such districts and existing at the time of their abolition.

*Held*, further, that the only method of enforcing the indebtedness was that set forth in chapter 62.

*To His Excellency George H. Utter, Governor of the State of Rhode Island and Providence Plantations:*

We have received from your excellency a request for our opinion upon the following questions, viz.:

" 1. Are the corporate powers and duties of such school districts as are abolished by said chapter 1101 continued so that collection of the indebtedness owing by any such district January 1, 1904, which has not been expressly assumed by the

town of which such district was a part, may be enforced against such district and the property located therein?

"2.   Are the provisions of section 5 of chapter 54 of the General Laws applicable to school districts abolished by said chapter 1101?

"3.   Are towns which have not expressly or formally assumed the indebtedness of school districts located therein at the time of their abolition by said chapter 1101 liable for the indebtedness created by such districts and existing at the time of their abolition?

"4.   Are towns which have not expressly or formally assumed the indebtedness of school districts located therein at the time of their abolition by said chapter 1101, but which have caused, at the annual assessment of taxes next after January 1, 1904, a tax to be levied upon the whole town equal to the amount of the appraisal of school property made in accordance with the provisions of said chapter, and have remitted in whole or in part to the taxpayers of each district so abolished their proportional share of the appraised value of the school property in such district, liable for the indebtedness created by such districts and existing at the time of their abolition?

"5.   Can the indebtedness created by school districts abolished by said chapter 1101, and which was existing at the time of the abolition of such districts, be enforced against the school property formerly in such districts, the title to which has by said chapter 1101 been vested in the town in which such districts were severally located?

"6.   Should you be of the opinion that the collection of the indebtedness created by school districts abolished by said chapter 1101 and existing at the time of the abolition of such districts can not be enforced against such districts, nor in the absence of express assumption thereof by the town against towns in which such districts were located, nor against the school property title to which was by said chapter 1101 vested in such town, then—

"A.   Is it within the power of the General Assembly to re-establish school districts abolished by said chapter 1101 whose

indebtedness, existing at the time of their abolition, has not been assumed by the towns in which they severally were located, so that collection of such indebtedness may be enforced against such re-established school districts?

"B.  Is it within the power of the General Assembly to impose upon towns in which were located school districts abolished by said chapter 1101, and having at the time of such abolition indebtedness which has not been assumed by such towns, the duty of paying such indebtedness?

"7.  If you shall be of the opinion that the duty of paying indebtedness created by school districts previous to their abolition by said chapter 1101, and not expressly assumed by the towns in which such districts were severally located, either rests, or may by the General Assembly be imposed, upon such towns, may the General Assembly authorize such towns to raise money for the payment of the indebtedness of each district by tax on the ratable property in that portion of the town which, immediately prior to January 1, 1904, constituted such district?"

In answer to questions 1 and 2, we are of the opinion that the corporate powers and liabilities of such school districts as are abolished by chapter 1101 of the Public Laws, passed at the January session A. D. 1903, are continued so that the collection of the indebtedness owing by any such district January 1, 1904, which has not been expressly assumed by the town of which said district was a part, may be enforced against such district, and the property located therein, in manner as hereinafter set forth, and that the provisions of section 5 of chapter 54 of the General Laws are applicable to school districts abolished by said chapter 1101.  Said section 5 of chapter 54 is as follows:

"Sec. 5.  Upon the abolition or discontinuance of any district, its corporate powers and liabilities shall continue and remain so far as may be necessary for the enforcement of its rights and duties."

This section of the General Laws was enacted May 29, 1884 (see cap. 447, § 2, Pub. Laws, May, 1884, p. 186–7), and

appears as part of General Laws of 1896, as above quoted, and has never been repealed. It is in no way inconsistent with chapter 1101, Public Laws, January, 1903, and there is no repeal or attempted repeal thereof either in chapter 1101 or elsewhere.

It was the manifest intention of the General Assembly to preserve the rights of creditors against school districts abolished pursuant to chapter 54 of the General Laws; and nowhere in the statutes above quoted is there any provision for the assumption of the debt of the school district by the town unless the town shall voluntarily assume such debt (see § 4, chap. 54, Gen. Laws; § 1, cap. 1101, Pub. Laws). Such provision for *voluntary* assumption of debts by the town excludes any *implied* assumption by the town, by reason of the abolishing of the school district.

This intention is further confirmed by the provisions of chapter 62, sections 8–10, for the assessment by the town assessors of a tax, upon the ratable property located within the limits of a school district, to pay any judgment recovered against the school district. These provisions are still in full force, and furnish full legal relief for the collection of debts from a school district.

In answer to question 3, we are of the opinion, in accordance with the foregoing, that towns which have not expressly or formally assumed the indebtedness of school districts located therein at the time of their abolition by said chapter 1101 are not liable for the indebtedness created by such districts and existing at the time of their abolition. The statutes above quoted contemplate only a voluntary and express assumption by the town, and provide what shall be done in case of such assumption, but do not contemplate an implied or involuntary assumption, and are not inconsistent with, and do not take away or interfere with, the remedy for the collection of such debts provided for by General Laws, chapter 62, sections 8–10, by assessment of a tax on the ratable property located within the limits of a school district.

In answer to question 4, we are of the opinion that towns do not become liable for the indebtedness of school districts

except by voluntary and express assumption thereof as above set forth.

In answer to question 5, we are of the opinion that the indebtedness created and existing as set forth in said question can not be enforced against the school property formerly in such districts, because the method of enforcing such indebtedness is expressly provided for in chapter 62, sections 8–10, by assessment of a tax as above set forth. The property of the abolished school district becomes on the abolishment of the district the property of the town, and the property of a municipal or quasi-municipal corporation such as the school property of a town or school district, is not for reasons of public policy, subject to attachment or other legal proceedings for the collection of debts. The only method is that provided by statute as above set forth. *Hovey* v. *East Providence*, 17 R. I. 80, 81.

In answer to questions 6 and 7, we are of the opinion that the answers given to the foregoing questions make it unnecessary to answer in detail the subdivision of questions 6 and 7; and that in our opinion the law now provides all the means required for the enforcement and collection of such debts, and that no further legislation is necessary.

WILLIAM W. DOUGLAS,
GEORGE A. WILBUR,
EDWARD C. DUBOIS,
JOHN T. BLODGETT,
CLARKE H. JOHNSON,
C. FRANK PARKHURST.